FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 10, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TEODORO DELGADO SUAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>OFFICER DOMINIC DANNAN, OFFICER NATHANIEL MURILLO, LES HENDERSON, BRAD ALTHAUSER, COLBEY MOLNER, RYAN YATES AND MEDICAL STAFF,<br><br>    Defendants. | No. 1:23-CV-03147-SAB<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

By Order filed September 26, 2024, the Court dismissed this action for failure to state a claim upon which relief may be granted and judgment was entered. ECF Nos. 23 and 24. On November 7, 2024, the Court received Plaintiff's letter dated October 30, 2024, in which he asks this Court to reconsider the Order dismissing his action. ECF No. 25. It was liberally construed as a Motion for Reconsideration. *Id.*

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

Plaintiff, a former prisoner, is proceeding *pro se* and *in forma pauperis.* ECF No. 5. Defendants have not been served. The construed Motion for Reconsideration was considered without oral argument on the date signed below and is denied.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013) (*quoting School Dist. No. 1J , Multnomah Cnty., Or.,* 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *School Dist. No. 1J Multnomah Cnty., Or.,* 5 F.3d at 1263.

Plaintiff indicates a desire to "express" himself in terms of his First Amendment right to freedom of speech. ECF No. 25 at 1. He accuses the courts of having "no time" to consider discovery and states that he knows he has been "so hurt injure by 'cops'[.]" *Id.* (as written in original). Although Plaintiff asserts, "this courts calling me frivolous claim," *id.,* (as written in original), the Court notes this action was dismissed because Plaintiff had failed to state a plausible claim upon which this Court could grant him relief against identified Defendants. ECF No. 23 at 2–5.

Plaintiff has presented no new facts, information, or newly discovered evidence for the Court to consider in evaluating his request for reconsideration. *See School Dist. No. 1J Multnomah Cnty., Or.*, 5 F.3d at 1263. He has not shown that the Court committed clear error or that the Court's Order, ECF No. 23, was manifestly unjust. Furthermore, there has been no intervening change in controlling law and there are no other circumstances warranting reconsideration.

ORDER DENYING MOTION FOR RECONSIDERATION -- 2

*Id.*

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's construed Motion for Reconsideration, **ECF No. 25**, is **DENIED**.

2. The Court certifies that any appeal of this decision would not be taken in good faith.

3. The file shall remain **CLOSED**.

**IT IS SO ORDERED**. The Clerk of Court is **DIRECTED** to enter this Order and provide a copy to Plaintiff.

**DATED** this 10th day of December 2024.



Stanley A. Bastian
Chief United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION -- 3